IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROLAC CONTRACTING, INC.,

      Plaintiff,

v.                                      Case No. 1:25-cv-00474-KK-LF

RM BUILDERS JV and
FIDELITY AND DEPOSIT COMPANY
OF MARYLAND,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE OR IN THE ALTERNATIVE TO AMEND THE SCHEDULING ORDER

This matter comes before the Court on defendants' Motion to Strike or in the Alternative to Amend the Scheduling Order, filed October 31, 2025. Doc. 24. Defendants state that the Court's scheduling order set the deadline for plaintiff's Rule 26(a)(2) expert disclosure as October 1, 2025. Doc. 24 at 1; *see also* Doc. 18 at 2 (scheduling order setting October 1, 2025, expert disclosure deadline for plaintiff and including a footnote stating, "Experts who are retained or specifically employed to provide expert testimony also must submit an expert report by this date."). Plaintiff filed an expert witness disclosure for Mr. Christopher L. Hrach, but this disclosure did not include an expert witness report. Doc. 24 at 1–2. Plaintiff acknowledges that it did not provide an expert report timely and states that the reason for this failure was that plaintiff's counsel did not complete the document review process in time to provide Mr. Hrach all materials he would need to prepare an expert report. Doc. 26 at 2–3. Defendants move to strike Mr. Hrach as an expert witness or, in the alternative, to amend the scheduling order to set a new expert witness report deadline for plaintiff and allow defendants the same forty-five days

from that date to produce a rebuttal expert witness report. Doc. 24 at 2. This extension would also necessitate an extension of the closing date for discovery. *Id.*

Federal Rule of Civil Procedure 37(c) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." It permits the court discretion to impose alternative sanctions if appropriate. *Id.* Here, the Court finds that an amended scheduling order would render plaintiff's untimely disclosures harmless because it would allow defendants sufficient time to provide a rebuttal expert report. No trial date has been set in this case, and a settlement conference is set for March 12, 2026, which would allow for substantial additional discovery before the parties engaged in settlement negotiations. *See* Doc. 31. Plaintiff does not oppose defendants' requested amendment to the scheduling order. Doc. 26 at 1.

The Court therefore GRANTS IN PART AND DENIES IN PART defendants' motion (Doc. 24). The Court DENIES the motion with regard to its request that the Court strike plaintiff's expert witness. The Court GRANTS the motion with regard to its request for an extended scheduling order. The new deadlines are as follows:

| | |
|---|---|
| Plaintiff's Rule 26(a)(2) expert report for Mr. Hrach:[1] | Friday, January 23, 2026 |
| Defendants' Rule 26(a)(2) expert disclosure:[1] | Monday, March 9, 2026 |
| Termination date for discovery: | Wednesday, April 8, 2026 |

---

[1] This is not an extension of plaintiff's deadline to disclose additional experts. Plaintiff's expert disclosure deadline has passed.

| | |
|---|---|
| Motions relating to discovery to be filed by:[2] | Tuesday, April 28, 2026 |
| Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing)[3] filed by: | Friday, May 8, 2026 |

All other deadlines and discovery parameters remain as previously set in the Court's original scheduling order. *See* Doc. 18.  Also, as stated in the Court's original scheduling order, any further requests for an extension must be made *prior to* the expiration of the deadline. It is so ordered.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

---

[2] This deadline should not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6. The Court will permit the parties to extend the 21-day time limit for filing a motion to compel pursuant to Local Rule 26.6 by written stipulation filed with the Court, as long as the extension does not impact the court-ordered discovery motions deadline.

[3] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine.  The Court will set a deadline for filing motions in limine in a separate order.